**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HERBERT AMEEN MUHAMMAD** | § | |
| | § | |
| **V.** | § | **A-10-CA-573-SS** |
| | § | |
| **RICK PERRY GOVERNOR OF TEXAS,** | § | |
| **LIEUTENANT GOVERNOR, and** | § | |
| **ATTORNEY GENERAL OF TEXAS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Kaufman County Jail.  Plaintiff asserts he was falsely arrested on November 27, 2007, by City of Terrell police officers.  On February 27, 2008, he was no-billed by the grand jury and released from custody after spending 82 days in jail.

Plaintiff sues the Governor, Lieutenant Governor and the Attorney General for the State of Texas.  He seeks compensation for the 82 days he was held in jail.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.  Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C.    <u>Personal Involvement</u>

Plaintiff's claims against the Governor, Lieutenant Governor and the Attorney General in their individual capacities also fail.  Defendants are entitled to qualified immunity, because Plaintiff's complaint alleges no personal involvement by the defendants; and, of course, subordinates' acts trigger no individual § 1983 liability. <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312 (5th Cir. 1999) (citing <u>Alton v. Texas A & M Univ.</u>, 168 F.3d 196, 200 (5th Cir. 1999)).

Moreover, Plaintiff filed a similar complaint in the United States District Court for the Northern District of Texas against a Terrell police officer and the City of Terrell.  <u>See</u> <u>Muhammad v. Newell</u>, No. 3:08-CV-1426-BD (N.D. Tex.).  Summary judgment was granted on August 12, 2009.  The court concluded Plaintiff had no federal claim for malicious prosecution.  The court also found there was no evidence the officer provided false information to the judge who issued the warrant for Plaintiff's arrest.  The Court explained, without such evidence, Plaintiff cannot establish a constitutional violation.

D.    <u>Statute of Limitations</u>

In addition, Plaintiff's claims are barred by the applicable statute of limitations.  There is no federal statute of limitations for § 1983 actions.  <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 514 n.5 (5th Cir. 1995); <u>Henson-El v. Rogers</u>, 923 F.2d 51, 52 (5th Cir. 1991), <u>cert.</u> <u>denied</u>, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989).  In Texas, the applicable limitations period is two years.  <u>Moore v. McDonald</u>, 30 F.3d

3

616, 620 (5th Cir. 1994) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986)). Plaintiff did not execute his complaint until July 28, 2010, after the limitations period expired.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  <u>See</u>, Tex. Gov't Code Ann. § 498.0045 (Vernon 1998).

4

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of August, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE